UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYNDFULL CARE MANAGEMENT CALIFORNIA,<br><br>         Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, Secretary of Health and Human Services,<br><br>         Defendant. | Case No.: 24-cv-1623-DMS-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

  Pending before the Court are Plaintiff's Motion for Summary Judgment, (Plaintiff's Motion ("MSJ Mot."), ECF No. 6), and Defendant's Motion to Dismiss, (Defendant's Motion ("MTD Mot."), ECF No. 8). Both parties filed Opposition and Reply briefs. (ECF Nos. 8–9, 11). For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). As a result, Plaintiff's Motion for Summary Judgment is **DENIED** as moot.

## I. BACKGROUND

  Plaintiff Myndfull Care Management California seeks to enjoin the Secretary of Health and Human Services ("Secretary") from collecting $6,337,693.00 in payment for overdue Medicare costs. (Plaintiff's Complaint ("Compl."), ECF No. 1). This payment

allegedly resulted from the determination of Qlarant Integrity Solutions, LLC ("Qlarant"), a company that "perform[s] retroactive reviews of previously paid Medicare claims to determine whether services billed by healthcare providers" satisfy Medicare's requirements. (*Id.* at 1). Plaintiff alleges that on July 15, 2024, Qlarant told Plaintiff that it "may be billing inappropriately for services . . . rendered to Medicare beneficiaries". (*Id.* at 2, 5). Within the relevant time period—December 1, 2022 through February 27, 2024—Plaintiff alleges that Qlarant reviewed only a small sample of Plaintiff's Medicare claims. (*Id.* at 2). It then allegedly and unilaterally extrapolated from its findings in the sample to all claims paid during the period, finding a total overpayment of $6,337,693.00. (*Id.*).

According to Plaintiff, Qlarant's actions violate 42 U.S.C. § 1395ddd(f)(3), which prohibits extrapolation unless the Secretary "determines that there is a sustained or high level of payment error, or documented education intervention has failed to correct the payment error." (*Id.*). Because Qlarant allegedly decided to extrapolate, not the Secretary, Plaintiff requests that this Court enjoin "the Secretary and his agents, including Qlarant[,] . . . from using the extrapolated sum at issue as the amount to be recouped from" Plaintiff. (*Id.* at 8). Plaintiff also requests mandamus relief "to enforce the mandatory provisions of the controlling statute and the constitutional requirements at issue." (*Id.*).

## II. LEGAL STANDARD

A federal court is a court of limited jurisdiction and possesses "only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 535, 541 (1986). Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). When ruling on such a motion, a court may consider extrinsic evidence beyond the face of the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A challenge for lack of subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S.

500, 506 (2006). A federal court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

When a court grants a motion to dismiss, it must then decide whether to grant leave to amend. Leave to amend "shall be freely given when justice so requires". Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). A court should grant leave to amend where there is no (1) "undue delay", (2) "bad faith or dilatory motive", (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007).

### III.   DISCUSSION

**A. Jurisdiction Under the Medicare Act**

42 U.S.C. § 405(g), "to the exclusion of 28 U.S.C. § 1331," provides for judicial review of all claims arising under the Medicare Act. *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) ("§ 405(g) . . . is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act.") (internal citation omitted); 42 U.S.C. § 1395ff(b)(1)(A) ("[A]ny individual dissatisfied . . . shall be entitled . . . to judicial review of the Secretary's final decision . . . as is provided in section 405(g) of this title."). The Supreme Court has interpreted "the 'claim arising under' language quite broadly". *Ringer*, 466 U.S. at 615. "A claim 'arises under' the Medicare Act if the Act provides 'both the standing and the substantive basis' for the claim, or if the claim is 'inextricably intertwined with a claim for benefits.'" *Ramtin Massoudi MD Inc. v. Azar*, 2018 WL 1940398, at *5 (C.D. Cal. Apr. 23, 2018) (quoting *Ringer*, 466 U.S. at 614–15).

Under 42 U.S.C. § 405(g),

> [a]ny individual, after any *final decision* of the Commissioner of Social Security made *after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced

> within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). The "final decision" requirement is "central to the requisite grant of subject-matter jurisdiction". *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). It consists of two elements: a waivable element "that the administrative remedies prescribed by the Secretary be exhausted" and a nonwaivable element "that a claim for benefits shall have been presented to the Secretary." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). The nonwaivable element, called presentment, is a "crucial prerequisite" that must be considered first. *Id.* at 329–30 ("As the nonwaivable jurisdictional element was satisfied, we next consider the waivable element.").

Plaintiff argues that it has satisfied presentment, and that waiver of exhaustion of remedies is appropriate. (MSJ Mot. 10–11). Defendant disputes both arguments, responding that Plaintiff has met neither the presentment element nor the requirements for waiver. (MTD Mot. 19).[1] The Court will address these arguments below.

### a. Nonwaivable Element—Presentment

Plaintiff alleges that it has presented its claims to the Secretary because Plaintiff is currently pursuing an appeal. (MSJ Mot. 14); (*see also* Plaintiff's Supplement ("MSJ Mot. Supp."), ECF No. 7) ("MyndFull did, in fact, present its specific claim to the Secretary in its August 28, 2024 request for redetermination[.]"). Defendant contends that Plaintiff has not "presented its claims challenging the recoupment to the Secretary", and that its redetermination request is insufficient. (MTD Mot. 18). The Court agrees with Plaintiff.

Presentment is "purely jurisdictional". *Eldridge*, 424 U.S. at 328. It "assure[s] the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions." *Haro v. Sebelius*, 747 F.3d 1099, 1113 (9th Cir. 2014). Here, Plaintiff, in its August 28, 2024 redetermination request, challenged the extrapolation

---

[1] The parties agree that Plaintiff has not exhausted administrative remedies. (*See* MSJ Mot. 10); (MTD Mot. 16).

as legally invalid. (Compl. Exhibit 4) ("The extrapolation here is therefore unlawful and set aside. Any recoupment based on such improper extrapolation should be suspended[.]"). Parts of Plaintiff's Complaint, in fact, are copies of the redetermination request. (*See id.*) (explanations of relevant statutory provisions and caselaw are same). Accordingly, the Court is satisfied that Plaintiff has presented its claims to the Secretary.

### b. Waivable Element—Exhaustion

The parties dispute whether Plaintiff meets all three parts of the Ninth Circuit's test for waiver. (MSJ Mot. 7, 11); (MSJ Mot. Supp. 4); (MTD Mot. 19–21). This test is stringent, since "[t]he Medicare Act severely restricts the authority of federal courts by requiring [that] virtually all legal attacks under the Act be brought through the agency." *Baron & Baron Med. Corp. v. Hargan*, 2018 WL 3532915, at *2 (S.D. Cal. July 23, 2018) (quoting *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 653 (5th Cir. 2012)) (internal quotation marks omitted). For waiver of the exhaustion requirement to apply, "[t]he claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief sought will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1115 (9th Cir. 2003). Because Plaintiff has not made an adequate showing of irreparability, the Court need not address collaterality or futility.

To meet the element of irreparability, there must be "at least a colorable claim" that exhaustion of administrative remedies will cause irreparable injury. *Eldridge*, 424 U.S. at 331; *Johnson*, 2 F.3d at 922. "A colorable claim of irreparable harm is one that is not wholly insubstantial, immaterial, or frivolous." *Kildare v. Saenz*, 325 F.3d 1078, 1083 (9th Cir. 2003) (quoting *Johnson*, 2 F.3d at 922) (internal quotation mark omitted). It is "present where 'back payments cannot erase either the experience or the entire effect of' the purported injury." *Davis v. Astrue*, 513 F.Supp.2d 1137, 1146 (N.D. Cal. 2007) (quoting *Kildare*, 325 F.3d at 1083). "Ninth Circuit authority holds that monetary injury is normally not considered irreparable". *Ramtin*, 2018 WL 1940398, at *7 (citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980)); *see also People*

*of State of Cal. ex rel. Van De Kamp v. Tahoe Reg'l Plan. Agency*, 766 F.2d 1316, 1319 (9th Cir. 1985) ("Mere financial injury will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation."); *Baron & Baron Med. Corp.*, 2018 WL 3532915, at *3.

Here, "[P]laintiff provides no . . . evidence demonstrating why its alleged irreparable harm is not compensable through money damages." *Ramtin*, 2018 WL 1940398, at *7. Plaintiff alleges it will suffer irreparable harm because it will be unable to "stay in business", which will cause termination of professionals' employment and deprivation of medical services to patients. (MSJ Mot. 14–15). This Court and sister courts, however, have found substantially similar allegations insufficient. In *Ramtin*, for instance, the plaintiff, who sought an injunction "to prevent [the] defendants from recouping approximately $1.1 million as a result of a billing dispute", alleged irreparability because it had "already closed two offices and fired two of eight employees". *Ramtin*, 2018 WL 1940398, at *1, *6. The court held that the "plaintiff's asserted delay-related hardship does not . . . rise to the level of irreparable harm." *Id.* at *7; *see also Baron & Baron Med. Corp.*, 2018 WL 3532915, at *3 (dismissing case for lack of jurisdiction because plaintiff's allegation that denial of injunctive relief would result in its "economic destruction" did not amount to irreparable harm); *see also Pac. Surgical Inst. of Pain Mgmt., Inc. v. Becerra*, 2023 WL 6130810, at *4 (S.D. Cal. Sept. 19, 2023), *aff'd*, 2024 WL 2862121 (9th Cir. June 6, 2024) (coming to same conclusion when plaintiff alleged that delayed payments would result in "possible insolvency"). So too here.

Further, Plaintiff's allegation that patients will be irreparably harmed is conclusory. (MSJ Mot. 15); *Pac. Surgical Inst.*, 2023 WL 6130810, at *4 (finding plaintiff's argument that non-payment would result in lack of medical services to "vulnerable patient population" conclusory). "Therefore, the Court finds that Plaintiff has not established a colorable claim of irreparable harm." *Id.* Because Plaintiff has not exhausted its administrative remedies, the Court cannot exercise jurisdiction under 42 U.S.C. § 405(g).

### B. Mandamus Jurisdiction

Plaintiff argues that there is mandamus jurisdiction under 28 U.S.C. § 1361. (Compl. 3). The statute provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Ninth Circuit has held that mandamus is an "extraordinary remedy" and appropriate only when "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt[;] and (3) no other adequate remedy is available." *Kildare*, 325 F.3d at 1084 (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)) (internal quotation marks omitted). Further, a plaintiff must "ha[ve] exhausted all other avenues of relief". *Ringer*, 466 U.S. at 616; *Hironymous v. Bowen*, 800 F.2d 888, 893 (9th Cir. 1986) ("The review procedure under [42 U.S.C. §] 405(g) is thus the exclusive avenue for reviewing Hironymous's claim. Because it is exclusive, unless it is exhausted, jurisdiction under the Mandamus Act is unavailable."); *Acedo v. Cnty. of San Diego*, 2021 WL 5412401, at *1 (9th Cir. Nov. 19, 2021) ("The district court properly dismissed for lack of subject matter jurisdiction Acedo's mandamus claim because Acedo failed to allege facts sufficient to show that he had exhausted his administrative remedies before filing suit."). Even if these requirements are satisfied, whether to grant mandamus is within this Court's discretion. *Or. Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995).

Here, Plaintiff does not make a compelling case for mandamus relief. First, it has failed to exhaust administrative remedies. (*See* MSJ Mot. 6–7, 10–11) ("MyndFull is currently pursuing a request for redetermination of the 'initial determination' assessing the overpayments at issue."); (MSJ Mot. Supp. 4). Second, and relatedly, Plaintiff has an alternative remedy through the four-step administrative review process. 42 U.S.C. § 405(g); 42 C.F.R. §§ 405.940, 405.960, 405.379(f), 405.1002, 405.1016, 405.1100. "The time required to exhaust an administrative remedy does not 'make it an inadequate remedy.'" *Pac. Surgical Inst.*, 2023 WL 6130810, at *6 (quoting *Moreno v. Bureau of*

*Citizenship & Immigration Servs.*, 185 F.App'x 688, 689 (9th Cir. 2006)). Thus, the Court lacks jurisdiction to grant mandamus relief under 28 U.S.C. § 1361.

### C. "No Review at All" Exception

Finally, Plaintiff would like this Court to exercise subject matter jurisdiction based on the "no review at all" exception to the exhaustion requirement articulated in *Illinois Council*. (Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp'n"), ECF No. 9). Defendant argues that the "no review at all" exception is inapplicable because Plaintiff—through administrative procedures—"has ample access to review". (MTD Mot. 22). The Court agrees with Defendant.

In *Illinois Council*, the Supreme Court "held that where an administrative appeal process would amount to 'no review at all' of [a] claim, this process may be bypassed and 28 U.S.C. § 1331 may be invoked." *Ramtin*, 2018 WL 1940398, at *9. This exception is "narrowly circumscribed"; it "applies only when channeling a claim through the agency would result in the '*complete* preclusion of judicial review.'" *Baron & Baron Med. Corp.*, 2018 WL 3532915, at *3 (quoting *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 23 (2000)). There is a distinction between "total preclusion of review and postponement of review." *Illinois Council*, 529 U.S. at 19. "[A] plaintiff [cannot] avoid § 405(h) with a mere showing that postponement of judicial review would mean inconvenience or cost to the plaintiff." *Baron & Baron Med. Corp.*, 2018 WL 3532915, at *3 (internal citations omitted).

The "no review at all" exception is inapplicable here. Plaintiff has the option of a four-step administrative review process. In fact, Plaintiff is currently in administrative appeal proceedings, having filed a redetermination request on August 28, 2024. (MSJ Mot. 6, 10); (Compl. Exhibit 4). It is unclear to the Court how *Gentiva*—on which Plaintiff heavily relies—is on point, given that it does not discuss the "no review at all" exception and involves a plaintiff who completed the administrative review process that Plaintiff seeks to circumvent here. *Gentiva Healthcare Corp. v. Sebelius*, 723 F.3d 292, 294 (D.C. Cir. 2013). Plaintiff has shown nothing more than frustration at the *postponement* of

review. As a result, the Court will not exercise jurisdiction under 28 U.S.C. § 1331 pursuant to the "no review at all" exception.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion for Summary Judgment. The Court lacks jurisdiction over the present action. The action is therefore **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated:  December 30, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court